DANIEL FARRIS, (a person of color,) plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[.1] Error cannot be assigned on the verdict, as contrary to evidence, unless a motion for a new trial was made in the Court below.

[2.] The Court need give in charge to the jury only that portion of the law of homicide made applicable by the facts to the case.

[3] The omission to charge a clause of the Code which could not benefit defendant, is no ground for complaint by him.

[4.] If the Court omit anything in charging the jury which is deemed material, counsel should suggest such additional charge as may be desired.

[5.] This Court will not control the discretion of the Court below in imposing penalties for crimes, unless in cases of flagrant abuse. Whether such discretion is subject to control at all, when exercised within the limits prescribed by statute? Query?

Assault, with intent to Murder. In Marion Superior Court. Tried before Judge WORRILL. September Term, 1866.

The plaintiff in error was found guilty and sentenced to the penitentiary for ten years. He made no motion in the Court below for a new trial.

His counsel argued to the jury that they were judges of the law as well as of the facts, but did not request the Court so to charge, and the Court gave no charge on that subject.

The errors assigned in the Supreme Court are, that the verdict was contrary to evidence and the weight of evidence; that the Court did not give in charge the several grades of homicide; that the Court gave a portion of *section* 4230 *of the Code* in charge, and omitted to charge that part reading as follows: "And it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given;" and that the sentence of the Court was for a longer term of imprisonment than the facts of the case demanded.

HINTON and ELAM, for plaintiff in error.

PEABODY, Solicitor General, for the State.

WALKER, J.

[1.] No motion for a new trial having been made in the Court below, this Court cannot consider whether the verdict was contrary to the evidence or the weight of evidence or not.

[2.] The third ground of error complained of is, that the Court did not give in charge the several grades of homicide. In looking into the bill of exceptions, we are satisfied that the Court charged upon the several grades of homocide so far as the facts in the case were applicable. This is all that was necessary. *Keener vs. The State*, 18 *Ga. R.* 230.

[3.] The omission of the Court to give in charge the latter portion of *section* 4230 *of the Code* is complained of. For what reason, we are unable to understand. No sufficient one was suggested why the *plaintiff in error* should complain of such omission; for that certainly could not have benefited him. But, in relation to both of these grounds of complaint, we have to say that no request was made of the Court to give in charge the several grades of homicide, or the omitted portion of section 4220.

[4.] It is the duty of counsel, if they think the judge has omitted anything which should be given in charge, to call his attention to such omission, and thus procure his decision upon the question whether it should be charged or not. In this way the question can be much more properly considered by this Court. The last ground of error is stated in these words: "Because the Court, in the exercise of a discretionary power, imprisoned for a greater length of time than the facts of the case demanded." It is not pretended that the Court exceeded the time allowed by the statute, but that, under the facts of the case, the plaintiff in error should not be so long confined in the penitentiary as the time imposed by the Judge. Whether a case might possibly be presented in which this Court would control the discretion of the Court below, as to the penalty imposed upon one convicted of crime, it is unnecessary now to decide. The inclina-

tion of our mind is against the power to review such action. We are inclined to hold that the imposition of penalties, in most cases, is by law devolved upon the Courts below, to be exercised according to their discretion, limited by the law-making power within certain bounds.   Waiving this point, however, we are satisfied that the discretion in this case was properly exercised, and we feel no disposition, if we had the power, to control it.

Judgment affirmed.