## 30925. JUNG v. THE STATE.

HILL, Justice.

A jury found the defendant and Phillip Eugene Campbell guilty of armed robbery. The trial judge sentenced the defendant to eighteen years and Campbell to fifteen years. The defendant enumerates as error the admission of numerous items into evidence, several alleged expressions of opinion made by the trial judge, and the eighteen-year prison sentence he received.

At trial the state introduced evidence to show that on the morning of October 21, 1974, two men, one carrying a shotgun and the other a pistol, entered the victim's home and took a large amount of money. At the time of the robbery the house was occupied by the wife of the homeowner, the maid, the wife's mother-in-law, and a four-year-old child. The four victims were with the robbers for approximately half an hour.

The three adult victims positively identified the defendant at a lineup and also in court. There is no question that the jury verdict was authorized by the evidence.

1. The defendant complains of the admission into evidence of several items not positively identified as having been involved in the crime. He takes the position that the accumulation of these erroneous admissions plus the court's expressions of opinion (discussed in Division 2) deprived him of a fair trial. We first must determine whether or not the introduction of each particular item was error.

The state introduced a pistol and holster which were found on the defendant at the time of his arrest. According to the testimony of the victims, one of the robbers used a pistol to carry out the armed robbery. A blue shirt, navy blue trousers, and jacket which belonged to the defendant were also introduced. The wife testified that one of the robbers, whom she identified as Jung, had on a blue shirt that was very close in color to the shirt placed in evidence, but she could not say positively that he was wearing the same shirt. She also said the pants and jacket were similar in color. She stated that the lining of the jacket worn at the robbery was exactly the same as the lining of the jacket introduced.

Where there is evidence that the perpetrator of a robbery wore certain clothing and carried a pistol, similar items belonging to or found in the possession of the defendant are properly admitted for the jury to consider. *Evans v. State,* 228 Ga. 867 (4) (188 SE2d 861) (1972); *Katzensky v. State,* 228 Ga. 6 (3) (183 SE2d 749) (1971). Paraphrasing *Lively v. State,* 178 Ga. 693, 695 (173 SE 836) (1934), it appears without dispute that the crime was committed with a pistol, and it would make no material

difference whether or not the pistol found on the defendant was the particular gun with which the crime was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the defendant.

The United States Supreme Court in Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706) (1972), found no violation of due process by the introduction into evidence of a 16-gauge shotgun found in Moore's possession at the time of his arrest, even though there was evidence that the murder weapon was a 12-gauge gun. The court stated: "We cannot say that the presentation of the shotgun was so irrelevant or so inflammatory that Moore was denied a fair trial." Moore, p. 800.

The defendant's request that *Lively v. State,* supra, and its progeny be overruled, is denied. The admission of the holster does not constitute reversible error.

A waitress from the restaurant across the road from the victim's home identified the defendant as one of the two men having coffee in the restaurant and drawing a diagram on a place mat just prior to the robbery. The police obtained the place mat from the restaurant. The defendant objected to its admission into evidence. The waitress' testimony placing the defendant in the vicinity shortly prior to the commission of the crime clearly was relevant testimony. Her description of their conduct in the restaurant was admissible and hence the place mat was admissible.

The trial court did not err in allowing these items into evidence.

2. The second part of the defendant's theory that he was denied a fair trial is based on comments made by the court as each of these items was admitted. We have examined the transcript and find that the trial judge's remarks as he ruled on the evidence were not prejudicial.

3. In addition, the defendant urges that the trial judge denied the defendant his right to cross examination in ruling that a particular question concerning the number of bank accounts in the name of the victim's husband's company was irrelevant. The court's ruling was not error.

4. Finally, the defendant argues that the court applied improper criteria in arriving at his sentence of eighteen years. The co-defendant received only fifteen years. The defendant maintains that the disparity between the two sentences is because the the judge relied on his intuition and the defendant's unexplained move from California to Columbus, Georgia.

From the transcript it appears that the co-defendant had never been arrested before while defendant Jung (whose true name is James Valenzule) was carrying a pistol and false identification when arrested and gave police false information as to his true name because he was wanted as a deserter from the army. Only during cross examination at trial did the defendant reluctantly reveal his true identity.

The sentence imposed upon the defendant was within the limit fixed by law (*Farris v. State*, 35 Ga. 241 (5) (1866)), and the court did not err in setting the sentence.

*Judgment affirmed. All the Justices concur.*

Submitted March 5, 1976 — Decided June 9, 1976.

*Scott Walters, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.