## 58814. CLINE v. THE STATE.

SMITH, Judge.

Appellant was convicted of armed robbery. We affirm the conviction.

1. Appellant contends that the verdict is not supported by the evidence. We disagree.

The evidence is undisputed that at approximately 9:30 p.m. on December 14, 1978, two young men, Jeff Cameron and Jesse Stephens, entered a Fleet Oil Company service station in Clayton County and, at gunpoint, forced the attendant to turn over several hundred dollars in cash and a payroll check. Appellant was waiting in a yellow pickup truck approximately 100 yards behind the station. The attendant testified that following the robbery, the two young men got into the pickup truck, which then sped away with its lights off. Appellant made the following written statement to the police: "It started about 1:00 p.m. Jeff told me to meet him at the 7-11 store on Flint River Road and Jessie was with Jeff when he drove in. Jeff left his car there and we just rode around for about two hours. Jeff told me that he had his Father's gun and he ask me to turn beside the Fleet station and stop and told me that he and Jessie were going to go to the station and ask for a pack of cigarettes or something and then hit it. They come back running and jumped in the truck and said they hit it. After that we rode to Atlanta and been ridding [sic] around until DeKalb County Police stopped us. When we were ridding [sic] to Atlanta Jessie gave me $50.00 for stopping."

Contrary to appellant's contentions, the evidence was sufficient to support the verdict. Although appellant is correct in his assertion that "mere presence at the scene

of a crime is not sufficient to show participation in the crime" (*O'Neal v. State,* 239 Ga. 532 (238 SE2d 73) (1977)), the evidence in this case authorized the jury to find beyond a reasonable doubt that appellant was a willing participant in the armed robbery. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The indictment charged appellant with taking "the property of Mark Bland," the service station attendant. Appellant contends that the money taken was the property of the Fleet Oil Company and that the trial court erred in overruling appellant's motion for directed verdict on this ground. This contention is without merit. Bland testified that in his role as service station attendant, he was authorized "to collect the money and keep track of stuff."

" 'In an indictment for robbery, ownership of the property taken may be laid in the person having actual lawful possession of it, although he may be holding it merely as the agent of another, and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding it merely as agent of the real owner.' *Spurlin v. State,* 222 Ga. 179 (7) (149 SE2d 315). In *Shelton v. State,* 111 Ga. App. 351, 353 (141 SE2d 776), it stated: 'As pointed out in *Thomas v. State,* 125 Ga. 286 (54 SE 182), one charged with larceny will not be heard "to raise nice and delicate questions as to the title of the article stolen." ' " *Gomez v. State,* 234 Ga. 614 (216 SE2d 844) (1975).

3. The trial court did not err in overruling appellant's motion to suppress, notwithstanding appellant's assertion that the police lacked probable cause for the search. Clearly, the police did have probable cause.

Immediately following the robbery, the service station attendant reported the incident to the police. Shortly thereafter, a police detective arrived at the service station in order to investigate the robbery. The attendant provided the detective with information about the robbery and the perpetrators. Based upon this information, a police lookout was placed on the radio. According to the arresting officer, the lookout alerted the police to "a '73 yellow Ford pickup occupied by two or more

white males with white spoke-type wheels on it, wide tires, possibly involved in an armed robbery in Clayton County." The arresting officer stopped appellant's truck "because it fit the lookout to a 'T' as far as I was concerned . . ." Under these facts, the police had probable cause to stop and search the vehicle. *Johnson v. State,* 230 Ga. 196 (196 SE2d 385) (1973).

Appellant's primary argument in support of his contention that the motion to suppress should have been granted is the fact that a discrepancy exists between the written police report, which refers to a tan pickup truck, and the testimony of the arresting officer, who testified that the police lookout referred to a yellow pickup truck. This discrepancy, however, does not affect our holding with respect to probable cause. The service station attendant told the police that the pickup appeared to be "yellowish-tannish" in color, but that he wasn't "exactly sure" since the robbery occurred during the night. The police report, written "sometime afterward" stated only that the truck was "tan" in color. Contrary to appellant's contentions, such minor variations in the description of the pickup truck do not establish that the search was not based upon probable cause.

4. "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." Code § 38-411. According to the police detective who obtained appellant's confession, appellant was told that if he confessed, the district attorney would be informed of appellant's cooperation. However, the detective testified: "I told him I couldn't make him any promises." If such a statement was made to appellant, his confession was not inadmissible solely because appellant was told that, if he confessed, the district attorney would be informed of his cooperation. The confession would not be induced by "hope of benefit." *Presnell v. State,* 241 Ga. 49, 55 (243 SE2d 496) (1978).

"When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous . . ." *Gibbs v. State,* 235 Ga. 480, 483 (220 SE2d 254) (1975).

·The trial court's determination as to the voluntariness of appellant's confession was not clearly erroneous and will not be disturbed on appeal.

5. In his final enumeration of error, appellant asserts that the trial court erred in permitting Jesse Stephens to enter the courtroom so that he could be identified by the service station attendant as one of the perpetrators of the crime. Appellant has cited no authority in support of his position, apparently because there is none. The enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED FEBRUARY 22, 1980.

*Monroe Ferguson,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.

