### 60185. MULRYAN v. THE STATE.

BIRDSONG, Judge.

Appellant and a co-defendant were convicted of three counts of armed robbery in Chatham County. Mulryan's appeal, enumerating two errors, is without merit.

The appellant attributes error to the trial court's admission of hearsay evidence of consent to search a vehicle and certain premises, and to the overruling of appellant's motion to suppress. He cites no authority except Code Ann. § 38-301 (hearsay evidence; when and why admitted) and U. S. C. A. Const. Amend. 4, and for argument merely recites the general principle established by each of these and asserts, without analytical argument, that the evidence in the case violates these principles. See Court of Appeals Rule 18; Code Ann. § 24-3618. We find moreover that even if appellant's contentions in this regard were correct, the errors are not reversible, since the other evidence in the case is sufficient to support, even demand the verdict. *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133); *Cauley v. State,* 130 Ga. App. 278, 286-288, 290-293 (203 SE2d 239). Appellant and his co-defendant were indicted and tried for what was apparently a spree of separate robberies committed in one night. Witnesses at each victimized establishment positively and unequivocally identified appellant as one of the armed robbers. The physical evidence which appellant urges should have been suppressed was therefore cumulative and we conclude that it is highly probable that the alleged error did not contribute to the judgment in the case. *Kirkland,* supra; *Cauley,* supra.

For the same reason, we find no cause for reversal on grounds that one of the jurors, in the course of the trial, burst out with a comment on the evidence. In any case, appellant made no objection to the outburst and requested no curative action by the trial court, so if there had been any prejudicial error in the incident, the appellant induced it or permitted its effect. *Bennett v. State,* 153 Ga. App. 21 (264 SE2d 516).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 22, 1980.

*Clark Smith,* for appellant.

*Andrew J. Ryan, III, District Attorney,* for appellee.