## 60962. KENT v. THE STATE.

BIRDSONG, Judge.

Earl Kent was convicted of charges of robbery by force and rape. He appeals, enumerating nine errors of law. *Held:*

1. In his first enumeration, appellant claims the trial court erred in denying his motion for mistrial based upon the exclusion of blacks from the trial jury. He contends the district attorney utilized the state's peremptory strikes to remove all blacks from the jury, denying the appellant a trial by jury of his peers and of fair representation of the jury. Appellant cites no legal authority for his position (see Rules of this court, Rule 15 (c) (2)), but states only that "notwithstanding the holding of *Jackson v. Hopper,* 232 Ga. 419 [207 SE2d 58], the requirement that the array contained at least a close approximation of the population as a whole is vitiated by allowing the State to eliminate potential jurors on the basis of race." This issue has been decided adversely to the appellant's contentions (*Jordan v. State,* 235 Ga. 732, 733-734 (222 SE2d 23); *Jackson v. Hopper,* supra). Appellant has shown no reason why these cases do not govern, and has failed to argue his case. See Rule 15 (c) (2), *Mulryan v. State,* 155 Ga. App. 797. Accordingly this enumeration is without merit.

2. Appellant contends the trial court erred in admitting a certain blue shirt or sweater into evidence in the case, inasmuch as neither victim could identify the exhibit as being the garment worn by the attacker. We find no error. The blue shirt was the one worn by the appellant when he was arrested the afternoon after the offense was committed in early morning. The rape victim testified her attacker wore a blue shirt similar in color to the one in question. This question has been disposed of in *Jung v. State,* 237 Ga. 73, 74 (226 SE2d 599), where it was held: "Where there is evidence that the perpetrator of a [crime] wore certain clothing . . . similar items belonging to or found in the possession of the defendant are properly admitted for the jury to consider." As in *Jung,* the identification of the shirt was sufficient to authorize the jury to decide whether it connected the appellant to the crime. Moreover, we find no fatal harm even had the admission been error, since the victim positively identified other items of clothing worn by the appellant as those worn by her attacker.

3. In Enumerations 3 and 5, appellant contends it was error to deny his motion for directed verdict as to the offense of robbery by force, because it was not proved, as alleged in the indictment, that the property of Mr. Hewell was taken; and that it was error to fail to charge ownership as an element of robbery by force which must be proven in the indictment. There is no merit in these contentions. The

evidence shows that the victims, Mr. and Mrs. Hewell, were an elderly couple alone in their apartment. Mrs. Hewell was an invalid whose legs and arm were paralyzed by stroke. She was confined to a bed and could not move without assistance. Her wristwatch was taken from her bedside table and more than $100 was taken from a jar where she kept it. She testified that most of this money belonged to her son. In *Shelton v. State,* 111 Ga. App. 351, 353 (5) (141 SE2d 776), we held it was not error to refuse to charge that the defendant could not be convicted if the stolen automobile was the property of his wife or of the person named as the owner in the indictment or was the joint property of such person and his wife. In *Spurlin v. State,* 222 Ga. 179, 182 (7) (149 SE2d 315), it was stated: "In an indictment for robbery, *ownership of the property taken may be laid in the person having actual lawful possession of it,* although he may be holding it merely as the agent of another, and *it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding it merely as the agent of the real owner."* (Emphasis supplied.) See also *Cline v. State,* 153 Ga. App. 576, 577 (266 SE2d 266). It is the rule that "one charged with larceny will not be heard 'to raise nice and delicate questions as to the title of the article stolen,' " *Gomez v. State,* 234 Ga. 614 (216 SE2d 844); *Spurlin,* supra; *Cline,* supra.

4. It was not error to deny appellant's motion to strike the testimony of the micro-analyst responsible for accepting and analyzing certain trace elements at the Georgia State Crime Laboratory, for having failed to establish the proper chain of custody of the hair samples he examined. The evidence in the case contains no suggestion of tampering with the substance in question. The chain of custody was not shown to be broken merely because the technician who actually received the substance did not testify. This enumeration of error is controlled by the decision in *Williams v. State,* 153 Ga. App. 421, 422 (265 SE2d 341).

5. The trial court did not err in refusing to give the alibi charge requested by the defendant as follows: ". . . evidence presented to prove alibi, considered alone or with all other evidence, need only be sufficient to create reasonable doubt of the Defendant's guilt." The court did charge the jury that "any evidence in the nature of an alibi should be considered by the jury in connection with all other facts in the case, and if, in doing so, the jury should entertain a reasonable doubt as to the guilt of the accused, they should acquit." The jury therefore could not have been lead, as appellant contends, to believe that more than reasonable doubt was necessary before acquittal could be granted on the defense of alibi.

6. Appellant fails to provide any argument or citation of

authority for his final enumerations of error; therefore, they are abandoned (Rule 15 (c) (2), supra). Nevertheless we will note that the enumerations, which go to the general grounds, are totally without merit. The evidence shows that appellant was independently identified by both Mr. and Mrs. Hewell from a photographic lineup and in person, as the man who robbed them and twice raped Mrs. Hewell after he came to their door and pleaded for shelter in the early morning hours. The victims had the opportunity to observe their attacker at close range and for an hour or more. Mrs. Hewell positively identified several items of clothing worn by the appellant as those worn by their attacker. Appellant was arrested the next afternoon after another resident of the same small apartment complex called the police about a man who came to her door acting strange and seeking to be let in; when police arrived the appellant was still wandering around the apartment grounds and was immediately pointed out by the woman. This woman examined the same items of clothing which Mrs. Hewell had identified as those worn by her attacker, and identified them as those worn by the man who had come to her door; they were the clothing worn by the appellant at his arrest. Samples of the rape victim's pubic hair matched, in every observable microscopic particular, the samples of caucasian pubic hair found in the appellant's undergarments. Samples of appellant's pubic hair were consistent in every observable microscopic particular with the samples of male pubic hair found upon the victim. Seminal fluid and spermatazoa were found upon the undergarments of the 68-year-old invalid and of the appellant. The evidence in the case is fully sufficient to allow a rational trier of fact to find the appellant's guilt beyond a reasonable doubt.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1981 —

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.