## 63433. COLEMAN v. THE STATE.

SOGNIER, Judge.

Armed robbery. On appeal Coleman contends the trial court erred by allowing the state to impeach its own witness, and by admitting two state exhibits into evidence over objection.

1. Otis Hodge was called as a witness by the state. After identifying a gun as belonging to him, Hodge testified that he had not loaned the gun to appellant, and did not tell Detective Neal or Detective Williams he had loaned his gun to appellant. After completion of Hodge's direct and cross-examination the prosecuting attorney informed the court he was surprised by the testimony of Hodge and asked to call Detective Williams for impeachment purposes. Appellant's objection to this procedure was overruled; Williams then testified that when Hodge was booked in connection with the robbery involved in the instant case, he told Williams that he (Hodge) had loaned his gun to appellant.

Appellant contends the state did not satisfy the requirements of Code § 38-1801, as the prosecuting attorney did not claim entrapment until after the witness had testified. He also contends the state did not satisfy the requirements of Code § 38-1803 as to a showing of the time, place, person and circumstances under which the statement was made.

Code § 38-1801 provides that a party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement. Code § 38-1803 provides, in pertinent part: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him . . . the time, place, person, and circumstances attending the former statement shall be called to his mind . . ."

In regard to appellant's contention that the state failed to meet the requirements of § 38-1801, our Supreme Court has held recently that "we now remove the requirement [under § 38-1801] of any show

of surprise before a party is allowed to impeach his own witness." *Davis v. State*, 249 Ga. 309 (290 SE2d 273) (1982). Since a showing of surprise is no longer required, it is immaterial when the prosecuting attorney made such a claim.

In regard to the state's failure to meet the requirements of Code § 38-1803, appellant made no objection on this ground at trial; in fact, appellant stated only that "we would object to any testimony presented by Mr. Hind to impeach his own witness," without stating *any* grounds for such objection. In *Cale v. Cale*, 242 Ga. 600, 601 (2, 3) (250 SE2d 467) (1978), the appellant made the identical complaint that Coleman has made in the instant case, and the Supreme Court held: "We have reviewed the portion of the transcript complained of by appellant and find that he made no proper objections at trial. Having failed to properly object there, he cannot assign error as to the objectionable testimony for the first time on appeal." Accordingly, Enumeration 1 is without merit.

2. Appellant contends it was error to admit Hodge's pistol and his purchase receipt for the pistol into evidence, as these exhibits were not connected with the crime. As stated in Division 1, there was testimony by Detective Williams that Hodge told Williams he (Hodge) had loaned his gun to appellant the day of the robbery. Although appellant contends Hodge's statement to Williams was hearsay, Williams' testimony was presented to impeach Hodge. Our Supreme Court has held that "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Further, the victim of the robbery testified that the gun used in the robbery "was a little bitty black gun . . ." She also testified the gun was "[r]ound like you would have to roll the bullets in it." Hodge's gun was a .22 caliber revolver.

Georgia case law is replete with holdings that articles similar to ones used in a crime but are not identical are nevertheless admissible into evidence. *Gunn v. State*, 245 Ga. 359, 362 (4) (264 SE2d 862) (1980); *Duvall v. State*, 238 Ga. 325, 326 (232 SE2d 918) (1977); *Jung v. State*, 237 Ga. 73, 74 (1) (226 SE2d 599) (1976); *Kent v. State*, 157 Ga. App. 209 (2) (276 SE2d 881) (1981). In *Jung*, supra, the Supreme Court stated: ". . . [I]t appears without dispute that the crime was committed with a pistol, and it would make no material difference whether or not the pistol found on the defendant was the particular gun with which the crime was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the defendant." Further, "the rule in Georgia is that if the

admissibility of evidence is doubtful, it should be ... left for the jury's determination." *Felker v. State,* 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978). Hence, it was not error to admit Hodge's revolver and purchase receipt into evidence.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1982.

*B. Samuel Engram, Jr.,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.