## 64599. MULLINS v. THE STATE.

DEEN, Presiding Judge.

John A. Mullins appeals from his conviction of motor vehicle theft.

1. There is no merit in his contention that the state should not have been permitted to read case law to the jury. Following the defendant's objection, the court noted that no facts had been referred to by the state and the transcript shows that the state did not read anything to the jury other than the law. While counsel may not read to the jury a recital of the facts of the case or the reasoning of the court as applied to the facts, he is not prevented from ". . . reading of the case law as found in the citations, and counsel may read and comment on the law to the jury in a criminal case." *Wiggins v. State,* 139 Ga. App. 98, 100 (227 SE2d 895) (1976).

2. The trial court correctly charged that the defendant had the burden of proving by a preponderance of the evidence that he was not mentally responsible at the time of the crime. *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978); *Jackson v. State,* 149 Ga. App. 253 (253 SE2d 874) (1979).

3. As appellant failed to object to the certified copies of prior convictions being introduced in aggravation of sentence at the pre-sentence hearing, this issue cannot be reviewed on appeal. *Adams v. State,* 142 Ga. App. 252 (235 SE2d 667) (1977).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 15, 1982.

*Earl Brannon,* for appellant.
*Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.