## 65410. KERLIN v. LANE COMPANY et al.

Birdsong, Judge.

Rita Kerlin sued Lane Company d/b/a Lake Manor Apartments et al. for damages to property resulting from an alleged unlawful eviction. The trial court denied the defendants' motion for summary judgment on the issue of unlawful eviction, but granted partial summary judgment to defendants, holding that Rita Kerlin could not sue for damages to the property of her brother who was living with her.

The evidence shows that Rita Kerlin, her two children, and her adult brother Jack Stone lived in a three-bedroom apartment. The apartment was leased by, and in the name of, Rita Kerlin. She stated in evidence that when she told the apartment management her brother would be living there as well as herself and her two children, she was informed that the rules would not permit a two-bedroom lease under these circumstances, and the two-bedroom application she had filled out was marked "void" and a three-bedroom application was filled out. Other than a "voided" application (apparently for a two-bedroom apartment) which appears of record, there is no agreement containing the names of her two children nor one containing Jack Stone's name as a "person who will occupy apartment." The management denies knowing Jack Stone was living with Rita Kerlin. The three-bedroom rental agreement (lease) makes no reference to the number of occupants permitted, but states in part: "(8) SUB-LET: Resident may not sub-let apartment or assign this lease without written consent of management. . . . (14) USE: Apartment shall be . . . occupied only by the persons named in resident's application to lease."

Lake Manor contends in essence that Rita Kerlin had sub-let her apartment to her brother, and had permitted him to live there as a resident unknown to the management, both in violation of the lease agreement. Rita Kerlin appeals. *Held:*

1. We find issues of fact as to whether Rita Kerlin violated her

lease agreement as Lake Manor alleges; but even assuming that she did so, we can find no reason (and the appellees have suggested no legal authority) why such violation would defeat her cause of action for damage or loss to personal property possessed in her apartment, arising out of an unlawful eviction, even if the very reason she was evicted had to do with her violations of the lease in permitting her brother to live and keep property in her apartment. Kerlin is suing in tort for damage to property arising out of an unlawful eviction. There are no dependent covenants in her lease that would result in a release of the management's liability to her for damage to property arising out of her eviction; and if there had been, we would question whether such a release could be sustained as valid. If the eviction was unlawful it matters not what she did to incur the management's wrath. If property in Rita Kerlin's possession was damaged as a result of an unlawful eviction, it is certainly no defense to her tort action to say that she had breached her lease agreement by possessing such property; the landlord's unlawful injury to her simply has nothing to do with, and cannot be justified by, her alleged breach of contract.

To say otherwise would emasculate entirely the right to sue for damages for an unlawful eviction. It is fundamental that the landlord cannot evict as and how it pleases and in the process damage or lose the tenant's personal property and then obviate its negligence by proving the tenant had violated the lease terms (the grounds for eviction), for then there would be no such thing as a cause of action for unlawful eviction. The same logic must hold true even when, if not especially when, the alleged damages are related to the reason for eviction.

2. The real question in the case is whether Rita Kerlin had possession of her brother's property so as to give her standing to sue for their loss. OCGA § 51-10-2 (Code Ann. § 105-1702) provides: "Interference with the mere possession of a chattel, *even if the possession is without title or is wrongful,* shall give a right . . . to the possessor, except as against the true owner or the person wrongfully deprived of possession." (Emphasis supplied.)

Regardless whether the appellees knew Jack Stone lived with his sister, or whether she sub-let to him in violation of her lease contract, if his property was in her possession and the appellees damaged it by putting it out in the street in an unlawful eviction, she has a cause of action therefor. There is certainly an issue of fact whether Rita Kerlin had "possession" of her brother's property, though it be joint possession, without title and not exclusive. The evidence showed the brother and sister shared the furniture they each owned, took care of it and generally used each other's as their own.

As in the criminal cases of *Kent v. State,* 157 Ga. App. 209, 210 (276 SE2d 881) and *Gomez v. State,* 234 Ga. 614 (216 SE2d 844), we think if there was an unlawful eviction and if property was damaged thereby, the landlord should not be permitted to raise "nice and delicate questions" about the title of the property, even if the tenant's possession of the property was "wrongful" (OCGA § 51-10-2 (Code Ann. § 105-1702)) under her lease agreement.

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 14, 1983 —
REHEARING DENIED MARCH 4, 1983.

*Betty Green Berman,* for appellant.
*Robert L. Bunnen, Jr., Edgar A. Neely,* for appellees.

ON MOTION FOR REHEARING.

The appellee Lake Manor asserts that this court is confused as to the essentials of the case, which are that Jack Kerlin was an illegal sub-tenant, an intruder and a trespasser and thus Lake Manor had the absolute right to expel him and his property. However, it is the appellee who has confused the essentials of this case and import of the cases it cites on motion for rehearing. We do not doubt for a minute that a landlord has the right to "summarily oust" a trespasser and his property as well (*Bass v. West,* 110 Ga. 698 705 (36 SE 244); *Liberty Loan Corp. v. Leftwich,* 118 Ga. App. 383 (163 SE2d 837)); but "[i]t by no means follows . . . that the [trespasser] is cut off from recovering any damages whatsoever. 'The bare possession of land authorizes the possessor to recover damages from any person who *wrongfully* in any manner interferes with such possession.' Civil Code, § 3876. . . . 'Even though this possession may have been illegally acquired, it is sufficient.' " (Emphasis supplied.) *Bass,* supra, p. 706. So, too, a landlord "may refuse to recognize [an unlawful sub-tenant] and proceed to expel the person placed upon the premises . . . without his consent, as an intruder, *in any manner prescribed by law* for the expulsion of trespassers or intruders." (Emphasis supplied.) *McBurney v. McIntyre,* 38 Ga. 262, 263.

Lake Manor cites no authority holding that a landlord may *unlawfully* evict an intruder and damage his property with impunity, merely because he is an intruder. The suit here is by the tenant Rita Kerlin for *unlawful* eviction and damage to property possessed by her, but even the intruder Jack Kerlin would have a cause of action for unlawful eviction. The laws allowing recovery for unlawful evictions

do not excuse the illegality on the basis that the landlord had a right to evict; or else there would be no such thing as an unlawful eviction.

*Motion for rehearing denied.*