## 66650. BUCHANAN v. THE STATE.

SHULMAN, Chief Judge.

This appeal follows appellant's conviction of livestock theft. OCGA § 16-8-20 (Code Ann. § 26-1817). He enumerates four errors, none of which we find meritorious.

1. Appellant first argues that his character was improperly injected into the trial by the admission of evidence concerning conduct allegedly unrelated to the crime with which he was charged.

In proving the livestock theft, the state presented evidence which showed that in the middle of the night appellant and an accomplice drove a pick up truck pulling a gooseneck livestock trailer into the victim's pasture from which they took three horses. The evidence with which appellant takes issue came before the jury through the testimony of Mississippi law enforcement officers. One officer testified that he stopped appellant and his accomplice, who was driving a pick up truck pulling a gooseneck trailer at 1:30 a.m., shortly after seeing them enter the highway from what the officer knew to be a horse pasture. The other Mississippi officer was the owner of the horses, and he testified as to the presence of tracks in the field. This incident occurred one week after the date of the livestock theft with which appellant was charged.

Evidence of similar acts of the defendant are admissible to show motive, identity, plan, scheme, bent of mind and course of conduct if there is evidence that the defendant was the perpetrator of the independent act, and if there is sufficient similarity or connection between the act and the crime charged that proof of the former tends to prove the latter. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321). The fact that no horses were taken from the Mississippi field does not make evidence concerning that incident inadmissible. *Smith v. State,* 146 Ga. App. 444 (2) (246 SE2d 454).

2. The owner of the stolen livestock testified that he had carefully observed the two sets of boot tracks he had discovered in the pasture from which his horses were taken, and that he had observed appellant's foot attire while in court. He stated that the size of appellant's boots was such that those boots could have made one of the sets of tracks found in the pasture. His observation was based upon his personal experience in purchasing and wearing shoes and boots during the 59 years of his life, and his observations of the foot attire of those he encountered during his life. Appellant maintains that the trial court erroneously allowed the witness to give his opinion on the matter.

"Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion

or belief, giving his reasons therefor . . ." OCGA § 24-9-65 (Code Ann. § 38-1708). " 'The class of questions here referred to must be such as lie within the range of common opinion. [Cit.]' That is, an opinion which is supposed to be within the common knowledge, experience, and education of men. [Cit.]" *Cone v. Davis,* 66 Ga. App. 229 (6) (17 SE2d 849). Shoe size being a matter within the common knowledge, experience and education of mankind, it was not error to permit the witness to testify as to his opinion of appellant's boot size vis-a-vis the boot tracks left in the pasture. See *Calloway v. State,* 144 Ga. App. 457 (2) (241 SE2d 575).

3. Appellant next argues that the trial court improperly allowed the state to impeach its own witness through the use of the witness' prior inconsistent statement which was made at a prior hearing at which the witness testified under oath and was subject to cross-examination by appellant. At trial, appellant's objection was based on the state's failure to plead surprise, a shortcoming which has been sanctioned by the Supreme Court. See *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717); *Ranger v. State,* 249 Ga. 315 (290 SE2d 63). On appeal, appellant questions the wisdom of the *Gibbons* decision, but specifically decries the trial court's action because, appellant alleges, the witness' prior statement was not inconsistent with his trial testimony. This court's decision in *Coleman v. State,* 162 Ga. App. 340 (1) (291 SE2d 402), permits us to follow the *Gibbons* rationale regarding surprise and to disregard the claim made on appeal because it was not made at trial.

4. Finally, appellant maintains that reversible error was committed during the trial court's charge on conspiracy. While we are not totally satisfied with the sufficiency of appellant's objection to the charge at trial (see *Jackson v. State,* 246 Ga. 459 (271 SE2d 855)), we will address the issue. The charge with which appellant takes issue differs from the model instruction in the Pattern Jury Instructions for Superior Courts by one word. The model instruction is: "In order to establish a conspiracy, it is not necessary to prove that the parties met together or entered into any formal or specific agreement, or that by words or writing they formulated their unlawful objects. Proof that two or more persons, either positively or tacitly, come to an understanding that they will accomplish the unlawful design may be sufficient." The trial transcript reflects that the word "possibly" was used in place of "positively" when this charge was given the jury.

"The general rule is that, 'A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury' is not reversible error. [Cit.]" *Gober v. State,* 247 Ga. 652 (3) (278 SE2d 386). Even if we are to assume that the inaccuracy is not a miscue on the part of the court

reporter, our review of the entire charge convinces us that the verbal inaccuracy could not have confused or misled the jury.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 7, 1983.

*George P. Donaldson III,* for appellant.
*Charles M. Ferguson, District Attorney,* for appellee.