A04A2244. SAMPSON v. THE STATE.
(609 SE2d 110)

MILLER, Judge.

Following a bench trial, Elijah Sampson was convicted of making terroristic threats. On appeal he contends that (1) the evidence was insufficient to sustain his conviction, and (2) the trial court erred in considering two of his prior guilty pleas at sentencing. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that two police officers and a parole officer approached Sampson, who was standing on a street corner drinking a beer. One of the officers told Sampson that he could not drink the beer while standing on the corner, and Sampson responded by calling the officer a "pussy-ass nigger" and a "tight-pants-wearing motherfucker." Sampson also said that he would "kill [the officer] next time he saw [him]," and added that "[i]f I had my heater, you'd be a dead-ass nigger." The experienced police officers believed that Sampson's threats were serious and arrested him.

Sampson was convicted of making terroristic threats, and the State introduced certified copies of three prior felony guilty pleas as

---

evidence to be used in aggravation of his sentence. Following a hearing, the court sentenced Sampson to serve five years. Sampson now appeals.

1. Sampson argues that the evidence was insufficient to sustain his conviction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, a police officer and a parole officer witnessed Sampson threaten to kill the victim — a threat that the experienced officers took seriously. The evidence supported the conviction. See OCGA § 16-11-37 (a) (requiring corroborating evidence beyond the victim's testimony); see also *Thomas v. State*, 254 Ga. App. 226, 228-229 (1) (561 SE2d 444) (2002).

2. Sampson contends that the trial court erred in considering two of his prior guilty pleas in aggravation of his sentence, because he did not have an attorney at the time he pled to the prior offenses. This argument is belied by the record, which reveals that Sampson had an attorney for all of his prior pleas, and that Sampson's pleas were voluntary. Sampson has not provided any evidence to the contrary, and his enumeration is therefore without merit. See *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2004 —
RECONSIDERATION DENIED JANUARY 6, 2005.

*William O. Cox*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.