## A07A1461. SELF v. THE STATE.
### (653 SE2d 787)

ADAMS, Judge.

A jury found Brian Self guilty of terroristic threats and criminal damage to property in connection with his encounter with a man and his children in a supermarket parking lot. On appeal from his conviction, Self argues that the trial court erred in denying his motion for directed verdict, in sentencing him as a recidivist, and in allowing the State to argue facts not in evidence. Self also asserts that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence

was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We review a trial court's denial of a defendant's motion for directed verdict of acquittal under the same standard. *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

So viewed, the record shows that on May 22, 2005, the victim parked his van in a shopping center parking lot. As the victim and his passenger got out of the van, leaving the victim's children inside, both men heard racial slurs. Assuming that the slurs were directed at him, the victim said that he did not know "who [was] talking and using that kind of language," but that the person should "come to me and tell me what the problem is." Self then exited a parked car approximately 30 feet away from the victim, approached him pointing his finger like a gun, and said, "I already killed one motherfucker. I don't mind killing another one." The victim's passenger testified that he heard Self say that he had killed before and would not hesitate to do it again and that he saw Self punch the van. A former police officer who was at the scene testified that Self seemed serious when he talked about killing the victim.

When the victim stood his ground despite his son's plea to get back into the van, Self then told the victim to wait because "I've got something for you" and returned to his car. The victim remained where he was for fear that Self might retrieve a gun and shoot at the van as it drove away. When Self returned to confront the victim again, the victim told him that he was going to go into the supermarket. As the victim began to walk away, Self stepped toward the van and punched its side. Self then returned to his own car, took his shirt off, covered his license tag with it, and drove away. The victim's friend called 911, and Self was soon apprehended.

1. Self first argues that the trial court erred when it denied his motion for directed verdict concerning his conviction for criminal damage to property because the van's title was in the victim's wife's name rather than the victim's own. The State needed only show that the victim had lawful possession of the van, however. See *Rash v. State*, 182 Ga. App. 655, 655-656 (356 SE2d 719) (1987) (lawful occupancy constitutes ownership for purposes of the damage-to-property statute, and "the question of legal title is not involved"); *Kerlin v. Lane Co.*, 165 Ga. App. 622, 623-624 (2) (302 SE2d 369) (1983) (person damaging property cannot be allowed to raise "nice and delicate questions" concerning title of that property). The evidence sufficed to sustain Self's conviction for both terroristic threats and criminal damage to property. See OCGA §§ 16-11-37 (a) (defining terroristic threats), 16-7-23 (a) (criminal damage to property); *Sampson v. State*, 271 Ga. App. 206, 207 (1) (609 SE2d 110) (2004) (evidence

of defendant's threat to kill officer the next time he saw him was sufficient to sustain conviction for terroristic threats).

2. Self also argues that the trial court erred in sentencing him as a recidivist because two of the prior convictions were "combined." The record shows, however, that the two prior convictions concerned separate indictments and that "a separate order of sentence was entered on each indictment." *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993).

> Under these circumstances, the fact that the sentences were entered on the same day and that the sentences . . . ran concurrent . . . does not require the conclusion that the [two] prior convictions had been "consolidated for trial" within the meaning of OCGA § 17-10-7 (c).

Id. The trial court did not err when it sentenced Self under the recidivist statute. See id.

3. Self also argues that the trial court abused its discretion when it overruled his objection to the State's assertion during closing argument that he had told the victim, "I ought to kill you." We disagree.

While it is true that no witness used the word "ought" to describe what Self said to the victim, one witness testified that Self said, "I should kill you" or "I would kill you." After Self's objection, the trial court ruled that he would allow the prosecutor "to argue any reasonable deduction she makes from the evidence," and added that "[t]he jury can recall evidence on their own and they should recall it on their own." The State then conceded that no witness could remember the exact words Self used, and Self argued that he had never made a direct threat. Given the equivalence between the words "ought" and "should," the trial court did not abuse its discretion when it overruled the objection. See *Adams v. State*, 260 Ga. 298, 299 (1) (392 SE2d 866) (1990) (prosecutor's deduction that defendant had killed eyewitnesses was permissible, "regardless of how illogical and unreasonable," and was "a matter for reply by adverse counsel, not for rebuke by the court"). Even assuming that allowing the argument was erroneous, moreover, Self has not shown a high probability that such error contributed to the judgment. Id. at 300 (1), citing *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

4. Finally, Self asserts that trial counsel was ineffective when he (a) failed to seek a continuance in order to obtain the testimony of the arresting officer and (b) failed to investigate whether the property damage amounted to less than $500, in which case the offense would have been a misdemeanor rather than a felony. Again, we disagree.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." Id.

(a) At the hearing on Self's motion for new trial, counsel testified that he discussed obtaining a continuance with his client for other reasons, but decided against doing so because a later trial would have afforded the State the opportunity to call witnesses whose voices appeared on the 911 tape. Proceeding without the arresting officer also allowed Self to impeach the testifying ex-officer with the arresting officer's report. The trial court was authorized to conclude that the decision not to ask for a continuance fell within the bounds of reasonable trial strategy. See *Herring v. State*, 277 Ga. 317, 319-320 (6) (a) (588 SE2d 711) (2003) (counsel's decision not to seek continuance in order to prevent the State from accurately recharging defendant was reasonable trial strategy).

(b) Counsel testified that he took several photographs of the damage to body shops before trial and received repair estimates in the neighborhood of $700. Despite counsel's repeated requests, moreover, Self failed to provide him with the name of a witness who could have testified to performing the repair for less than $500. There was no deficient performance in the conclusion that Self should prepare to defend the felony charge. See *Brooks v. State*, 265 Ga. 548, 549-550 (4) (458 SE2d 349) (1995) (decisions concerning the presentation of witnesses do not constitute ineffective assistance when "founded on legitimate evidentiary concerns").

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 25, 2007.

*Brenda J. Bernstein*, for appellant.

*Garry T. Moss, District Attorney, Lara A. Snow, Assistant District Attorney*, for appellee.