## A97A1886. KOLLMAN v. THE STATE.
### (498 SE2d 745)

RUFFIN, Judge.

A jury found Bernice Kollman guilty of driving under the influence of alcohol to the extent that it is less safe to drive (OCGA § 40-6-391 (a) (1)). Kollman appeals, asserting that the trial court erred by admitting Intoxilyzer 5000 test results without a proper foundation and that there was insufficient evidence to support the verdict. We disagree and affirm Kollman's conviction.

1. Kollman asserts that the trial court erred in admitting the Intoxilyzer 5000 test results because there was no evidence the arresting officer informed her of her implied consent rights. See OCGA §§ 40-5-55 and 40-5-67.1. We disagree. The transcript shows that although the arresting officer did not specify the exact language used, he did testify that he read Kollman the implied consent warning. Pretermitting the question of whether such testimony is sufficient evidence to establish that the officer gave the correct warning, Kollman has not shown, and the transcript before us does not reveal, that Kollman objected to the introduction of the test results on this basis below. " '[I]t is well established that grounds not raised by objection below may not be raised for the first time on appeal. (Cit.)' [Cit.]" *Shelton v. State*, 216 Ga. App. 634, 635 (2) (455 SE2d 304) (1995).

2. Kollman next asserts that the trial court committed reversible

error in admitting into evidence inspection certificates for the Intoxilyzer 5000. According to Kollman, without testimony from the individual who actually inspected the machine, admission of the certificates violated her Sixth Amendment right to confrontation. This same argument, however, was recently addressed and rejected by our Supreme Court in *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997). Accordingly, for the reasons discussed in *Brown*, we find no merit in Kollman's argument.

3. Nor did the trial court commit reversible error in admitting a copy of the document certifying that the inspector of the Intoxilyzer 5000 was authorized to perform the inspections. The State met its burden of proving the Intoxilyzer 5000 was properly functioning with the admission into evidence of the inspection certificates addressed in Division 2. The requirement that the testing machines be properly maintained and the related inspection certification provisions are set forth in OCGA § 40-6-392 (a) (1). OCGA § 40-6-392 (f) provides that "[w]hen properly prepared and executed, as prescribed in this subsection, the [inspection] certificate shall, notwithstanding any other provision of law, be self-authenticating, shall be admissible in any court of law, and *shall satisfy the pertinent requirements of paragraph (1) of subsection (a) of this Code section. . . .*" (Emphasis supplied.) Other than her contention which we rejected in Division 2, Kollman does not assert that the actual inspection certificates were deficient in any manner. And, our review of the record indicates that the inspection certificates comply with the requirements of OCGA § 40-6-392 (f). Accordingly, the State was not required to introduce a copy of the document certifying that the inspector of the Intoxilyzer 5000 was authorized to perform the inspections. Furthermore, even if the trial court erred in admitting the copy into evidence under the Best Evidence Rule, OCGA § 24-5-1 et seq., an appellant must show both error and harm to prevail on appeal. See *Morrow v. State*, 226 Ga. App. 833, 835 (2) (487 SE2d 669) (1997). Kollman has not shown how she was harmed by the ruling.

4. Finally, we find there was sufficient evidence to support Kollman's conviction. " 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]' [Cit.]" *Tanner v. State*, 225 Ga. App. 702, 703 (484 SE2d 766) (1997).

Viewed in this light, the evidence at trial showed that Deputy William Meadows was assisting Georgia State Patrol Trooper James Traylor investigate an auto accident. Kollman, who was not involved in the collision, experienced mechanical problems with her car and pulled to the side of the road near the car accident scene. When she

asked Deputy Meadows for assistance, he smelled alcohol on her breath. According to Meadows, he asked Kollman for her license and she became "belligerent." Upon returning to Kollman's car to obtain the license, Meadows noticed a small bottle of alcohol near the console. Deputy Meadows went to discuss the situation with Trooper Traylor, and when he looked toward Kollman's car, he saw her pouring the bottle of alcohol onto the ground. Trooper Traylor testified that he approached Kollman and "could smell a strong odor of alcohol about her person." Traylor further stated that Kollman had glassy eyes, was "leaning on [her] vehicle at the time [he] was talking to her and [she] appeared to be unsteady on her feet. . . ." According to Traylor, when he asked Kollman if she had anything to drink, she became "belligerent had a lot of cussing and that sort of thing. . . ." Officer Meadows thereafter arrested Kollman, and a subsequent Intoxilyzer 5000 test revealed she had a blood-alcohol concentration of .105 percent. Finally, Trooper Traylor testified without objection that in his opinion Kollman was in a condition in which it was less safe for her to drive.

Even though there was no direct evidence of any unsafe driving, we find that, viewed in the light most favorable to the verdict, the foregoing evidence was sufficient to allow a rational jury to find Kollman guilty of driving under the influence of alcohol to the extent that it was less safe for her to drive. See *Rylee v. State*, 210 Ga. App. 314 (436 SE2d 52) (1993).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 15, 1998 —
RECONSIDERATION DISMISSED MARCH 26, 1998

*Saia, Richardson & Meinken, Joseph J. Saia*, for appellant.
*John H. Cranford, Solicitor*, for appellee.