A98A2201. HAMMONTREE v. THE STATE.
(512 SE2d 57)

McMURRAY, Presiding Judge.

On December 6, 1996, defendant was charged with driving under the influence in violation of OCGA § 40-6-391 and also with weaving over the roadway in violation of OCGA § 40-6-48. Chemical testing of her breath on an Intoxilyzer 5000 indicated that defendant's blood alcohol level was .170 grams percent. After a bench trial, she was convicted of both offenses. Defendant's direct appeal to the Supreme Court of Georgia was transferred to the Court of Appeals of Georgia, where she enumerates the denial of two motions in limine seeking to exclude the results of the chemical testing of her breath. *Held*:

1. OCGA § 40-6-392 (a) (1) (A) provides: "Chemical analysis of [a] person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose. The Division of Forensic Sciences . . . shall approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct analyses and

to issue permits, along with requirements for properly operating and maintaining any testing instruments, and to issue certificates certifying that instruments have met those requirements. . . ." Defendant first contends the inspections authorized and periodically performed by the GBI Division of Forensic Sciences are insufficient to establish that all components of the Intoxilyzer 5000 are working properly, because the Division of Forensic Sciences does not separately "inspect two of the three components (or filters) designed to detect the presence of [the] interfering substances [toluene and acetaldehyde] in human breath." We disagree.

It is undisputed that this particular Intoxilyzer 5000 had been routinely inspected by Georgia State Patrol TFC Roger K. Moore, the Area Supervisor for the Implied Consent Unit of the Division of Forensic Sciences, on a quarterly basis. TFC Moore is certified by the manufacturer of the Intoxilyzer 5000 in maintenance, repair, and operation. He is also certified by the Georgia Department of Public Safety and the GBI, Division of Forensic Sciences, "to perform chemical analyses of breath specimens . . . subject to the regulations of the Department of Public Safety[,] utilizing [the] Intoxilyzer Model 5000 only." It is further undisputed that TFC Moore followed the protocol established by the GBI Supervisor for Implied Consent in performing his maintenance inspections. Thus, TFC Moore's testimony in conjunction with his certificates is more than adequate to lay the foundation necessary to admit defendant's breath test results. *Helmeci v. State*, 230 Ga. App. 866 (1), 867 (498 SE2d 326). Specifically, this evidence is sufficient to satisfy the pertinent requirements of OCGA § 40-6-392 (a) (1), pursuant to the express terms of OCGA § 40-6-392 (f). *Kollman v. State*, 231 Ga. App. 630, 631 (3) (498 SE2d 745). "We are not persuaded by [defendant's] argument that the test results were inadmissible because the inspection [protocol does] not include [additional] tests to determine whether machine components designed to detect the presence of interfering substances [other than acetone] were working properly. . . . [T]he fact that a testing procedure has some margin of error or may give an erroneous result under certain circumstances [not shown to apply in the case sub judice] relates to the weight, rather than the admissibility, of the test results. See *Lattarulo v. State*, 261 Ga. 124, 126 (3) (401 SE2d 516) (1991); [cit.]." *Gutierrez v. State*, 228 Ga. App. 458 (1), 459 (491 SE2d 898). The trial court did not err in overruling this ground of defendant's motion in limine.

2. Defendant next contends the existing regulations promulgated by the GBI fail to comply with OCGA § 40-6-392 (a) (1) (A), arguing that any such regulation "must be approved through the procedures set forth in the [Georgia Administrative Procedure Act]," OCGA § 50-13-1 et seq. This contention is without merit. The author-

ities relied upon by defendant have been legislatively superseded by the enactment of OCGA § 35-3-155, which Code section "expressly provides that the Division of Forensic Sciences need not seek approval of testing methods and procedures through the Administrative Procedure Act. . . . [A]fter a review of the record, we conclude that the [S]tate met its burden under [OCGA] § 40-6-392 (a) (1) (A) through the testimony of the [trained officer] who [certified this particular Intoxilyzer 5000]." *Price v. State*, 269 Ga. 222, 225 (4) (498 SE2d 262). The trial court correctly denied defendant's motion in limine on this ground.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 9, 1999.

*Daniel Law Offices, J. Robert Daniel*, for appellant.
*Gary L. Mikell, Solicitor*, for appellee.