A00A0820. LEWIS v. THE STATE.
(537 SE2d 111)

RUFFIN, Judge.
 A jury found Rickie Lee Lewis and his co-defendant, Edwin Hall, Jr., guilty of conspiracy to defraud the State, Medicaid fraud, and theft by taking. On appeal, Lewis contends that his prosecution was barred by the statute of limitation. He also asserts that the trial court erred in admitting certain evidence and in instructing the jury. As Lewis' contentions are without merit, we affirm.
 The essential facts in this case were thoroughly set forth in this Court's opinion in *Hall v. State*.[1] Succinctly stated, the record shows that Lewis incorporated We Care Family Services, a nonprofit corporation that purportedly provided counseling services to Medicaid recipients. Dr. Hall, a psychologist, became affiliated with We Care, and he obtained a Medicaid provider number. Hall allowed Lewis to use his provider number, and Hall gave We Care a power of attorney to handle billing. Using Hall's number, Lewis back-billed Medicaid for services rendered prior to Hall's affiliation with We Care. Lewis continued to use Hall's number to bill Medicaid for services that were never provided, or that were not provided by a licensed professional, or that were not medically necessary. Lewis and Hall divided the money they received.[2] From 1994 through 1995, We Care was paid over half a million dollars.
 1. In his first enumeration of error, Lewis contends that the trial court erred in failing to dismiss the charges, which Lewis asserts

---

[1] 241 Ga. App. 454 (525 SE2d 759) (1999).
[2] Hall received approximately 50 percent, and Lewis received 20 percent. The remaining money was used for expenses.

were barred by the statute of limitation.[3] This claim of error was raised by Lewis' co-defendant, Hall, and it lacks merit for the reasons set forth in *Hall v. State*.[4]

2. In his second enumeration of error, Lewis argues that the trial court erred in admitting into evidence certain charts, graphs, and summaries. According to Lewis, the trial court should have excluded the evidence because it violated the "voluminous record rule."

Although Lewis claims the trial court erred in admitting charts and graphs, he does not identify these items or provide citations to the record to show either that such evidence was tendered or that he objected. Thus, we do not consider any alleged error with respect to the introduction of charts or graphs as it is not this Court's function to cull the record in search of error.[5]

Lewis also contends that the trial court erred in admitting one document that summarized "patient records, including diagnoses, hours billed for services, billing codes and other billing and payment records and documents." Lewis argues that the trial court should have excluded the summary because the auditor who created it did not review all of the "records." Lewis apparently believes that the auditor had to review all of the medical records supporting the bills in order to introduce the summary. We disagree.

Contrary to Lewis' contention, the document does not summarize medical records; it merely shows payment dates, reference numbers, and payment amounts. We fail to see why an auditor would review medical records in order to provide such financial information.

Assuming that an auditor is required to review such records, we still find no reversible error. In order to warrant reversal, Lewis must show harm as well as error.[6] Although he asserts that he was prejudiced by the introduction of the summary, Lewis makes no attempt to demonstrate how he was prejudiced. The record is teeming with evidence of payments made to We Care. Given the abundant unobjectionable evidence of such payments, it is highly unlikely that this one summary influenced the jury's decision to convict. Accordingly, this claim of error provides no basis for reversal.[7]

3. In his final enumeration of error, Lewis contends that the trial court erred in instructing the jury. Specifically, Lewis asserts that

---

[3] In his brief, Lewis asserts that he preserved this claim of error by filing a plea in bar in which he raised the statute of limitation. We note, however, that the record contradicts this assertion. Although Lewis' co-defendant, Hall, raised the statute of limitation, Lewis did not.

[4] Supra at 461-462 (2).

[5] *London v. State*, 235 Ga. App. 30, 35 (5) (508 SE2d 247) (1998).

[6] *Kollman v. State*, 231 Ga. App. 630, 631 (3) (498 SE2d 745) (1998).

[7] Id.

the trial court erred in (a) refusing to charge the jury on a lesser included offense of false writings; (b) failing to charge the jury on the defense of good faith; and (c) failing to give a requested charge on duplicity. We address each assertion in turn.

(a) Without citing any authority, Lewis suggests that the offense of false writings is a lesser included offense of conspiracy to defraud the State. Lewis requested a charge on this lesser offense, and he argues that the trial court should have given it. Without providing any factual support or any argument of any kind, Lewis simply asserts that "[t]he charge was authorized by the evidence and should have been given." As this claim of error is unsupported, it is deemed abandoned.[8]

(b) Lewis argues that the trial court erred in failing to instruct the jury that "good faith is a complete defense to the charges in the indictment since good faith on the part of the defendant is inconsistent with specific intent to violate the law, or willfulness, which is an essential part of the charges." Initially, we question whether "good faith" constitutes a proper legal defense.[9] Even if it is a valid defense, we find no error. By asserting that he has acted in good faith, a defendant essentially asserts that he lacked criminal intent.[10] Thus, if the jury is properly instructed on criminal intent, the trial court does not err in failing to charge the jury on "good faith."[11] Here, the trial court properly instructed the jury on criminal intent. Accordingly, the trial court did not err.

(c) Lewis contends that the trial court erred in failing to charge jurors on duplicity. Although Lewis did not request such a charge, his co-defendant, Hall, did. For the reasons set forth in *Hall v. State*, the trial court did not err in failing to give the instruction.[12] Moreover, because Lewis did not submit a written request for a charge on duplicity, he has no grounds for complaint.[13]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[8] See *Johnson v. State*, 232 Ga. App. 717, 722 (2) (503 SE2d 603) (1998) (citing Court of Appeals Rule 27 (c) (2)).

[9] See *Doughty v. State*, 175 Ga. App. 317, 322 (7) (333 SE2d 402) (1985).

[10] See id. See also *Haygood v. State*, 225 Ga. App. 81, 82 (1) (483 SE2d 302) (1997) (defendant "urge[d] that no criminal intent was shown because she was acting [in] good faith").

[11] See *Doughty*, supra.

[12] Supra at 459-461 (1).

[13] *Baker v. State*, 238 Ga. App. 285, 288 (3) (518 SE2d 455) (1999) (where there is no written request, the trial court does not err in failing to give the charge).

DECIDED JULY 7, 2000 —
RECONSIDERATION DENIED JULY 19, 2000 

*Herbert Adams, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Doris Williams-McNeely, Assistant Attorney General*, for appellee.