## A08A1872. HOLOWIAK v. THE STATE.

(672 SE2d 454)

BARNES, Judge.

Nicholas Holowiak was stopped at a roadblock and charged with driving under the influence of alcohol as a less safe driver and with a blood-alcohol content (BAC) over 0.08. He filed numerous motions challenging the propriety of the roadblock and the test results from the Intoxilyzer 5000 machine that used his breath to measure his BAC. The trial court conducted a hearing and denied Holowiak's motions to suppress and produce. When Holowiak petitioned for an interlocutory appeal, this court had not yet ruled on whether a defendant may require the State to produce the computer source code from the Intoxilyzer 5000, and Holowiak's application was granted. For the reasons that follow, we affirm.

1. Holowiak enumerates as error the trial court's failure to find that the computer source code for the Intoxilyzer 5000 machine used to test his BAC was "necessary, material and relevant, so that appellant could procure this evidence . . . by means of OCGA § 24-10-90 et seq. [(subpoena of out-of-state witness)]." Holowiak did not raise this issue, however, at the motions hearing or in his post-motion memorandum to the court, and the trial court did not rule on it. In fact, while he filed a "Petition for Certification of Materiality of Testimony from an Out-of-State Witness" more than four months before the hearing, Holowiak argued at the suppression hearing, in his motion for discovery, his motions to suppress, his post-hearing motion, and his motion for an order to produce only that the court should require the State to produce the source code, and not that he was entitled to a certificate allowing him to obtain the testimony of an out-of-state witness.

Holowiak thus waived his right to argue on appeal that the trial court erred in failing to grant him a certificate finding that the manager of engineering for the Intoxilyzer 5000 manufacturer was a necessary and material witness pursuant to OCGA § 24-10-94. *Harris v. State*, 210 Ga. App. 366, 367 (1) (436 SE2d 231) (1993). "Enumerated errors which raise issues for the first time on appeal present nothing for review." (Citation and punctuation omitted.) *Thrasher v. State*, 204 Ga. App. 413, 415 (4) (419 SE2d 516) (1992).

Holowiak did not enumerate as error the trial court's holding that the "source code" of the Intoxilyzer 5000 was not a scientific report as defined in OCGA § 17-16-23 and was not in the State's possession or control. Even if he had, he "failed to meet his prima facie burden of showing the state had possession, custody or control of the source code." *Hills v. State*, 291 Ga. App. 873, 873-874 (663 SE2d 265) (2008). The trial court did not abuse its discretion by denying his motions concerning the Intoxilyzer 5000.

2. Holowiak also contends that the trial court erred in denying his motion to suppress the evidence obtained from the roadblock, which he contends was unconstitutional because it was set up to uncover general criminal activity. A roadblock is valid when supervisory officers decide to implement it for a "legitimate primary purpose" rather than to screen for ordinary criminal wrongdoing. *Baker v. State*, 252 Ga. App. 695, 698 (1) (556 SE2d 892) (2001). The State must also show that all vehicles were stopped for a minimal amount of time; the roadblock was well identified as a police checkpoint; and the screening officer was sufficiently qualified to determine which motorists should be given field tests for intoxication. Id. at 696.

Here, the State established that all drivers were stopped at a specific location for a minimal amount of time; the roadblock was well identified as a police checkpoint; and the screening officer was sufficiently qualified. Further, the supervisory officer who initiated the roadblock testified that its primary purpose was traffic enforcement, "to enhance safe travel for citizens through the county to identify any drivers who were violating state laws and specifically looking for unlicensed or licensed violations and impaired drivers and remove those drivers from the roadway." The supervisor's memorandum regarding the roadblock confirms that the primary purpose during the New Year's Eve holiday was to "identify and charge accordingly those drivers who are operating motor vehicles in violation of State Laws" and especially to "identify those who are driving impaired or unlicensed and remove them from the roadways." "[A] roadblock that serves as a highway safety checkpoint is valid in its primary purpose, even if the safety violations for which the officers are looking are several." *Kellogg v. State*, 288 Ga. App.

YALE LAW LIBRARY

265, 268 (1) (a) (653 SE2d 841) (2007). The trial court did not err in denying Holowiak's motion to suppress evidence obtained as a result of the roadblock.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 8, 2009.

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*David L. Cannon, Jr., Solicitor-General, David M. McElyea, Assistant Solicitor-General*, for appellee.