### A10A2021. HOLOWIAK v. THE STATE.
(709 SE2d 39)

BARNES, Presiding Judge.

Following a jury trial, Nicholas J. Holowiak was found guilty of DUI (per se), OCGA § 40-6-391 (a) (5), and after the denial of his motion for new trial, he appeals. He enumerates numerous errors on appeal, and following our review, and for the reasons that follow, we affirm.

We note initially that Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." It is not the function of this court to cull the record on behalf of a party in search of instances of error. *Lewis v. State*, 245 Ga. App. 234, 235 (2) (537 SE2d 111) (2000). It is particularly burdensome when the Court must cull through a 24-volume record to consider overlapping enumerations of error. Further, the argument portion of

---

Holowiak's brief contains no citations to the record at all. Given the shortcomings of Holowiak's brief, we would be authorized to dismiss it. See Court of Appeals Rule 7. Nevertheless, because the State has provided sufficient citations to the record, we will address the merits of Holowiak's appeal to the best of our ability.

This is the second appearance of this case before this Court. In *Holowiak v. State*, 295 Ga. App. 474 (672 SE2d 454) (2009), the trial court denied Holowiak's discovery motion related to the Intoxilyzer 5000 software "source code." We granted his motion for an interlocutory appeal of the order and affirmed the trial court, finding among other things that if Holowiak had enumerated as error the trial court's finding that the State did not possess or control the source code, Holowiak "failed to meet his prima facie burden of showing the State had possession, custody or control of the source code." Id. at 475 (1). See *Hills v. State*, 291 Ga. App. 873, 873-874 (663 SE2d 265) (2008). We also affirmed the trial court's denial of Holowiak's motion to suppress in which he challenged the roadblock. *Holowiak v. State*, 295 Ga. App. at 475 (2).

The case proceeded to trial in September 2009, and the jury found Holowiak not guilty of DUI (less safe), but could not reach a verdict on the DUI (per se) so the trial court declared a mistrial. When the case was re-tried on January 15, 2010, the jury found Holowiak guilty of DUI (per se), and it is from the denial of his motion for new trial on this conviction that he now appeals.

Viewed in the light most favorable to the verdict, *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005), the evidence shows that during an early morning roadblock Holowiak was stopped by a deputy with the Cherokee County Sheriff's office. The officer smelled a strong odor of alcohol on Holowiak's breath, and observed that his eyes were watery and glassy, and his face was flushed. Holowiak admitted that he had "a couple" of drinks at a college football game earlier in the evening. Holowiak consented to a preliminary breath test, which was positive for alcohol, after which he performed field sobriety evaluations, including the horizontal gaze nystagmus (HGN), the walk-and-turn, and the one-leg stand, all of which indicated to the officer that Holowiak was under the influence of alcohol. The officer arrested Holowiak for DUI, and then read him the implied consent notice. Holowiak consented to take the Intoxilyzer 5000 breath test, and the test was conducted in a mobile command unit located at the roadblock. Holowiak's blood-alcohol content registered 0.125 on the testing device.

1. In two enumerations of error, Holowiak contends that the trial court erred by admitting evidence of his being a less safe driver, his alcohol impairment, and of the field sobriety tests. Holowiak essentially argues that the evidence was irrelevant and unrelated to the

DUI (per se) charge, and unduly prejudiced his defense. We do not agree.

The admission of evidence is within the sound discretion of the trial court, and we will not disturb the trial court's evidentiary decisions on appeal absent an abuse of discretion. See *Smith v. State*, 265 Ga. App. 236, 238 (4) (593 SE2d 695) (2004). "Unless the potential for prejudice substantially outweighs probative value, Georgia law favors the admission of relevant evidence, no matter how slight its probative value." (Punctuation and footnote omitted.) *State v. Adams*, 270 Ga. App. 878, 881 (2) (609 SE2d 378) (2004). Evidence is relevant if it tends to prove or to disprove a material fact at issue, and every act or circumstance which serves to explain or throw light upon a material issue is relevant. See *Sailor v. State*, 265 Ga. App. 645, 648 (2) (595 SE2d 335) (2004). "[Q]uestions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal." (Citations and punctuation omitted.) *Chapman v. State*, 215 Ga. App. 340, 340-341 (449 SE2d 903) (1994).

"Field sobriety tests are not designed to detect the mere presence of alcohol in a person's system, but to produce information" about the quantity of alcohol in the system. *Kirkland v. State*, 253 Ga. App. 414, 416 (559 SE2d 161) (2002) (officer's testimony that HGN test correlated with Intoxilyzer results was relevant and admissible). Moreover, we have held that police officers may give opinion testimony regarding the state of a DUI suspect's sobriety. *Wrigley v. State*, 248 Ga. App. 387, 392 (4) (546 SE2d 794) (2001) (officer's testimony of his specific conclusions following each field test admissible to show defendant was less safe driver).

Here, Holowiak attacked the accuracy and reliability of the Intoxilyzer 5000. The officer testified that, based on his years of training and experience, he concluded that Holowiak's performance on the field sobriety tests was consistent with a test result of 0.125 from the Intoxilyzer. Thus, the evidence of his field sobriety test was relevant to counter Holowiak's attacks on the accuracy of the breath test. Likewise, the evidence of Holowiak's impairment was relevant to establish the facts that were the basis for the DUI arrest.

2. In several related enumerations, Holowiak contends that the trial court erred in denying discovery of certain allegedly exculpatory evidence, including the Intoxilyzer 5000 source code through an out-of state witness, the breath machine that was used, and the mobile command unit in which the test was performed. He contends these rulings violated his constitutional right to confront witnesses.

In *Stetz v. State*, 301 Ga. App. 458, 461 (687 SE2d 839) (2009), this Court defined the scope of "full information" to which a DUI

defendant is entitled under OCGA § 40-6-392 (a) (4) when the test of a person's blood-alcohol concentration is determined by an Intoxilyzer machine. We held:

> Unlike the gas chromatography test, which produces data that has to be interpreted by a chemist to determine blood alcohol level, an intoxilyzer does not produce raw data but rather prints out the actual test result showing the person's blood alcohol level. In other words, the machine computes the test result. Therefore the only discoverable information from an intoxilyzer test under OCGA § 40-6-392 (a) (4) is the computer printout of the test result.

Id. Thus, the trial court did not abuse its discretion in denying Holowiak's discovery request seeking the production of the mobile command unit in which the Intoxilyzer test was performed or the Intoxilyzer machine itself.

Holowiak contends that the trial court erred in denying his request for a subpoena to secure an out-of-state witness who could provide the Intoxilyzer 5000 source code, under the Uniform Act to Secure the Attendance of Witnesses from Without the State, OCGA § 24-10-90 et seq. "[F]or a witness from another state to be summoned to testify in this state he must be a necessary and material witness." *Chesser v. State*, 168 Ga. App. 195, 196 (308 SE2d 589) (1983); OCGA § 24-10-92 (b). Moreover,

> [a] party requesting the presence of an out-of-state witness does not have an absolute right to obtain the witness; the Act requires presentation of sufficient facts to enable both the court in the demanding state and the court in the state to which the requisition is directed to determine whether the witness should be compelled to travel to a trial in a foreign jurisdiction. The party seeking the witness has the burden of showing that the witness sought is a necessary and material witness to the case. And under the Act, the decision whether to grant the process is within the trial judge's sound discretion.

(Citations and punctuation omitted.) *Davenport v. State*, 303 Ga. App. 401, 402 (693 SE2d 510) (2010).

Holowiak sought an out-of state subpoena duces tecum for a representative of CMI, Inc., the supplier of the Intoxilyzer 5000 to law enforcement agencies in Georgia, to produce the software

"source code" of the Intoxilyzer 5000 for inspection.[1] The information would be used, among other things, to "determine the accuracy, reliability and admissibility of the results" of Holowiak's breath test. Although Holowiak noted that there were pending allegations in other states of "problems with the Intoxilyzer 5000 breath test results based upon breathing patterns," and that the information would be used "as applied to [his] particular health and physical issues," he did not allege that he actually had a physical or health issue that might affect the results of the breath test, much less present any evidence about it.

A trial court does not abuse its discretion in refusing to compel attendance of an out-of-state witness where the materiality of the anticipated testimony is speculative. *Eliopulos v. State*, 203 Ga. App. 262, 266-267 (2) (416 SE2d 745) (1992). Thus, as Holowiak did not carry his burden of showing that the subpoena was material and necessary to the case, the trial court did not abuse its discretion in denying Holowiak's motion.

3. Holowiak also contends that the trial court erred in admitting testimony that he had declined an independent test, thus violating his right against self-incrimination. We do not agree.

As noted earlier, Georgia law favors the admission of relevant evidence, the determination of which is within the discretion of the trial court, and absent an abuse of discretion, will not be disturbed upon our review. *Smith v. State*, 265 Ga. App. at 238 (4). Here, Holowiak's defense was largely based on the unreliability of the test results from the Intoxilyzer 5000; thus, such evidence would be relevant to show Holowiak's failure to adduce rebuttal evidence. See *Dupont v. State*, 204 Ga. App. 262, 264 (4) (418 SE2d 803) (1992).

4. Holowiak asserts as error the trial court's refusal to give four of his requested jury instructions. He first argues that the trial court erred in refusing to give his requested Charges 4 and 18, both of which concerned the reliability and possible malfunctioning of breath testing machines. Our review of the trial court's general charge on the state-administered test reveal that the trial court adequately instructed the jury on the fallibility of these machines. "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." (Citation and punctuation omitted.) *Birge v. State*, 143 Ga. App. 632, 639 (11) (239 SE2d 395) (1977).

Holowiak also argues that the trial court erred in refusing to charge the jury on his request to charge No. 22, that the presence of

---

[1] The "source code" is a human-readable program language, including English words and common mathematical notations, which are created by the programmer.

alcohol in the body does not support an inference that the defendant was impaired, and No. 24, that the jury "must" evaluate evidence of how a preexisting condition could affect physical appearance or performance on roadside sobriety evaluations.

Here, the trial court instructed the jury that DUI per se required no proof of impairment, which substantially covered the same principle contained in Charge No. 22, and the court adequately covered the evidentiary principles underlying Charge No. 24 in its general charges regarding the definition of evidence, how to evaluate conflicting evidence, and impeachment. Considering the charge as a whole, the court's charges did not mislead or confuse the jury, nor did the court commit error by declining to give Holowiak's requested charges.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 29, 2011 — 

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*David L. Cannon, Jr., Solicitor-General*, for appellee.