## SECOND DIVISION
## BARNES, P. J.,
## ADAMS and MCFADDEN, JJ.

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 22, 2012**

# In the Court of Appeals of Georgia

A10A2021. HOLOWIAK v. THE STATE

BARNES, Presiding Judge.

In *Holowiak v. State*, 308 Ga. App. 887 (709 SE2d 39) (2011), we affirmed the trial court's denial of Nicholas Holowiak's motion for new trial following his jury conviction for driving under the influence of alcohol (per se) in violation of OCGA § 40-6-391 (a) (5). In *Holowiak v. State* (Case No. S11C1190 decided September 6, 2011), the Supreme Court granted Holowiak's petition for certiorari and remanded the case to this Court "for reconsideration in light of this Court's decision in *Davenport v. State*, 289 Ga. 399 (711 SE2d 699) (2011)." Holowiak had sought an out-of-state subpoena under the Uniform Act to Secure the Attendance of Witnesses from Without the State for a representative of CMI, Inc., the supplier of the Intoxylizer 5000, to produce the software source code of the Intoxilyzer 5000 for

inspection. *Holowiak*, 308 at 890 (2). The trial court denied the request, finding that Holowiak did not carry his burden of showing that the subpoena was "material and necessary" to the case, and we affirmed on that basis. Id. at 891.

In *Davenport* the Supreme Court held that "necessary and material" is not the standard that a trial court should apply when it considers whether to issue a certificate under the Uniform Act. *Davenport*, 289 Ga. at 401. The trial court must first determine whether a witness is "material," and if a witness is material, the trial court "may issue a certificate under seal that is then presented to a judge of a court of record in the out-of-state county in which the witness is found." Id. The out-of-state judge then determines whether to issue a summons directing the out-of-state witness to testify in Georgia. Id.

Thus, we vacate Division 2 of *Holowiak*, and remand for the court to apply the standard under *Davenport* in reviewing Holowiak's motion for the issuance of the out-of-state subpoena.

> If the court below determines that the witness for whom a certificate was requested is a "material" witness, it then must consider whether it ought to have issued a certificate in this case, and if so, whether [Holowiak] is entitled to a new trial or a new trial conditioned on the issuance by the appropriate out-of-state court of a subpoena to compel the appearance of the witness in Georgia. If the court below

2

determines that no new trial is warranted, the judgment of conviction will stand affirmed, provided that [Holowiak] may file a timely appeal of that determination.

*DiMauro v. State*, 310 Ga. App. 526, 530 (714 SE2d 105) (2011); *Spann v. State*, 310 Ga. App. 575, 576 (713 SE2d 722) (2011).

*Judgment affirmed on condition and case remanded with direction. Blackwell and Dillard, JJ., concur.*