**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 15, 2015**

# In the Court of Appeals of Georgia

A15A0547. HOLOWIAK v. THE STATE.

ANDREWS, Presiding Judge.

This is the fourth appearance of this case in this Court. See *Holowiak v. State*, 316 Ga. App. 328 (729 SE2d 486) (2012) (*Holowiak III*); *Holowiak v. State*, 308 Ga. App. 887 (709 SE2d 39) (2011) (*Holowiak II*); *Holowiak v. State*, 295 Ga. App. 474 (672 SE2d 454) (2009) (*Holowiak I*). In *Holowiak II*, we affirmed Nicholas James Holowiak's conviction of driving under the influence ("DUI") of alcohol per se, concluding, among other things, that the trial court did not err in denying Holowiak's motion, pursuant to former OCGA § 24-10-94, seeking a material witness certificate in order to compel the attendance and testimony of an out-of-state witness in the trial court and thereby obtain the source code for the Intoxilyzer 5000, the machine used to test Holowiak's blood alcohol content ("BAC"). 308 Ga. App. at 890-891 (2). The

Georgia Supreme Court granted Holowiak's petition for a writ of certiorari, and in an unpublished order in Case No. S11C1190, it remanded the case to this Court for reconsideration in light of its decision in *Davenport v. State*, 289 Ga. 399 (711 SE2d 699) (2011). In *Holowiak III*, we vacated Division 2 of *Holowiak II* and remanded for the trial court to apply the correct standard under *Davenport* in reviewing Holowiak's motion for a material witness certificate. 316 Ga. App. at 329. We instructed the trial court to determine whether the witness for whom a certificate was requested was "material," and, if so, whether "Holowiak is entitled to a new trial or a new trial conditioned on the issuance by the appropriate out-of-state court of a subpoena to compel the appearance of the witness in Georgia." (Punctuation omitted.) Id. On remand, the trial court initially entered an order finding that Holowiak was entitled to a new trial conditioned on the issuance of the requested subpoena, but it later set aside the order, finding that it erred in granting a conditional new trial. As discussed below, we have no basis for concluding that the trial court abused its discretion in determining that the testimony or documents sought from the out-of-state witness were not material and that Holowiak was not entitled to a new trial. Accordingly, we affirm.

2

The record shows that Holowiak was arrested for DUI on December 31, 2006 and charged with DUI per se and DUI less safe. Prior to trial, Holowiak filed a motion for discovery of the Intoxilyzer 5000 software source code and a motion to suppress challenging the constitutionality of the roadblock where he was stopped. Following an evidentiary hearing on October 30, 2007, the trial court entered an order on or about February 11, 2008 denying the motions. Prior to the evidentiary hearing, Holowiak filed a motion for a material witness certificate in order to seek to compel the attendance and testimony in the trial court of the manager of engineering of CMI, Inc., the Kentucky-based manufacturer of the Intoxilyzer 5000 machines used for state-administered BAC tests in Georgia. Holowiak did not raise the issue of the material witness certificate at the evidentiary hearing, and the trial court did not rule on the motion for the certificate in its February 11, 2008 order.

The trial court issued a certificate of immediate review of the February 11, 2008 order, and this Court granted Holowiak's application for interlocutory appeal. In *Holowiak I*, we held that the trial court did not err in denying the motion to suppress or the motion for discovery. 295 Ga. App. at 475-476. While Holowiak enumerated as error the trial court's failure to issue a material witness certificate, we held the issue was not properly before us. Id. at 475.

3

Subsequent to our decision in *Holowiak I*, Holowiak filed an amended motion for a material witness certificate to facilitate obtaining a subpoena duces tecum requiring one or more representatives of CMI, or its parent company, to produce the source code for the Intoxilyzer 5000. The trial court denied the motion.[1] Holowiak proceeded to a jury trial in September 2009. He was acquitted of DUI less safe, and a mistrial was declared on the DUI per se count because the jury deadlocked. Holowiak was retried on the DUI per se count in January 2010, and the jury found him guilty. The trial court denied his motion for a new trial, and his appeal in *Holowiak II* followed.

After this Court remanded the case in *Holowiak III*, the trial court entered an order on November 30, 2012 granting a conditional new trial and setting a motions hearing on April 15, 2013 and a jury trial on May 6, 2013. On April 12, 2013, Holowiak filed a motion for a continuance, arguing that a forthcoming decision from the Kentucky Court of Appeals would determine whether the circuit court in Kentucky with jurisdiction over CMI had properly determined that material witness certificates like the one the trial court had issued were defective. On May 6, 2013,

---

[1] Although neither Holowiak nor the State cites to an order in the record denying the motion for a material witness certificate, the parties and trial court are in agreement that the trial court denied the motion.

4

Holowiak filed a notice in the trial court regarding documents sent to be filed in the Circuit Court of Daviess County Kentucky. The exhibits to the notice indicate that Holowiak first forwarded the documentation to obtain a subpoena to a Kentucky attorney for filing on or about March 19, 2013. On February 14, 2014, the State filed a motion for reconsideration of the order conditionally granting a new trial, arguing that intervening appellate decisions, such as *Cronkite v. State*, 293 Ga. 476 (745 SE2d 591) (2013) and *Young v. State*, 324 Ga. App. 127 (749 SE2d 423) (2013), had clarified that granting a motion for a material witness certificate is not "automatic" and that Holowiak failed to establish materiality. The trial court set aside its order granting the conditional new trial in an order entered on July 29, 2014. The trial court stated that no subpoena had been issued by a Kentucky court and it had not "received any information that any such subpoena will ever issue from a Court in Kentucky." The trial court concluded that "[b]y their actions, or inaction, [the Kentucky courts] have made the decision that the witness is not necessary in this case." Alternatively, the trial court granted the State's motion for reconsideration, determining that the cases cited by the State showed that "materiality must be considered on a case by case basis" and concluding that the materiality standard was not satisfied. Holowiak appealed after the trial court imposed its sentence.

1. Holowiak argues that the trial court erred in granting the State's motion for reconsideration and determining that the evidence he sought by obtaining a material witness certificate was not material.

The Uniform Act to Secure the Attendance of Witnesses from Without the State (the "Uniform Act"), formerly codified in Georgia in OCGA §§ 24-10-90 through 24-10-97[2], provides a two-step process by which a witness living in a state other than Georgia can be compelled to attend and testify at a criminal proceeding in Georgia and to bring documents with them. See *Parker v. State*, 296 Ga. 586, 587 (769 SE2d 329) (2015); *Davenport*, 289 Ga. at 400. The first step is obtaining a material witness certificate in the Georgia trial court. See former OCGA § 24-10-94 (a).[3] In ruling on a motion for material witness certificate, the trial court must

---

[2] Georgia's new Evidence Code took effect January 1, 2013 and applies to any motion made or hearing or trial commenced on or after such date. Ga. L. 2011, p. 99, § 101. The new Evidence Code moved the provisions of the Uniform Act to OCGA §§ 24-13-90–24-13-97. As Holowiak's motion for a material witness certificate was filed before the new Evidence Code was effective, we cite to the former Code provisions here.

[3] If the Georgia court issues the material witness certificate, it is presented to a court in the state where the witness is located, which shall issue a summons requiring the out-of-state witness to attend the criminal proceedings in Georgia if the judge determines, among other things, that the witness is material and necessary to the criminal proceedings in this State. See former OCGA § 24-10-92 (a)-(b); *Davenport*, supra, 289 Ga. at 403.

6

consider whether the sought-after out-of-state witness meets the definition of "material witness" set forth in *Davenport*, supra.[4] A "material witness" is "a witness who can testify about matters having some logical connection with the consequential facts, [especially] if few others, if any, know about these matters." (Citation and punctuation omitted.) *Davenport*, supra, 289 Ga. at 404.

In *Cronkite*, 293 Ga. at 478, our Supreme Court, in applying the *Davenport* materiality standard in another case in which the defendant wished to obtain the Intoxilyzer 5000 source code, explained that the defendant "was required to show that the witness' testimony regarding the source code bore a logical connection to *facts* supporting the existence of an error in his breath test results." The Supreme Court concluded that the defendant failed to do so. It was undisputed that the defendant had a surgical implant in his upper teeth and a retainer on his lower teeth, and he contended that these devices could cause alcohol to remain in his mouth. Id. The defendant's expert testified that the Intoxilyzer 5000 software was designed to generate error messages in certain circumstances, including circumstances involving the presence of alcohol in the mouth. Id. The Supreme Court found, however, that the

---

[4] "[A]n out-of-state corporation may be 'a person' that is a material witness under the Uniform Act and may be determined to be in possession of material evidence." *Yeary v. State*, 289 Ga. 394, 396 (711 SE2d 694) (2011).

defendant "presented *no* evidence that mouth alcohol was present during his breath test such that an error message should have been generated that was not generated." Id. Nor did he "point to any other evidence of *facts* supporting the existence of a possible error in his specific breath test results such as discrepancies in the operation of the Intoxilyzer 5000 machine itself." Id.; see also *Young*, 324 Ga. App. at 128-129 (concluding that ten DUI defendants failed to establish Intoxilyzer source code was "material" under *Davenport* and *Cronkite;* ten of them relied on general expert testimony and the other presented evidence raising mere possibility that his crying and hyperventilating during the breath test could have affected the result).

Applying *Cronkite* here, it was incumbent upon Holowiak to show that the out-of-state witness' testimony regarding the Intoxilyzer source code, or the source code itself, bore a logical connection to *facts* supporting the existence of an error in his breath test results. In his brief before this Court, however, Holowiak does not detail or discuss any evidence he presented to satisfy this burden. Rather, Holowiak distinguishes *Cronkite* in a single sentence, stating: " [*Cronkite*] has no bearing on the instant case because [unlike the defendant in *Cronkite*, he] presented a large amount of evidence to support how the specific facts of his case could render a false reading." In support of this assertion, he cites to ten volumes of transcripts from his first jury

8

trial, thereby violating Court of Appeals Rule 25 (c) (2) (i), which requires that "[e]ach enumerated error shall be supported in the brief by *specific* reference to the record or transcript."[5] (Emphasis supplied.) "It is a sound rule of appellate practice that the burden is always on the appellant in asserting error to show it affirmatively by the record." (Citation and punctuation omitted.) *Westmoreland v. State*, 287 Ga. 688, 696 (10) (699 SE2d 13) (2010). It is not an appellate court's responsibility "to cull the record on behalf of the [appellant] to find alleged errors." *Maxwell v. State*, 290 Ga. 574, 575 (2) (722 SE2d 763) (2012). Under these circumstances, we conclude that Holowiak has not satisfied his burden of showing error in the trial court's determination, on the State's motion for reconsideration, that Holowiak failed to establish the materiality of the testimony or evidence he sought by requesting a material witness certificate. As such, we have no basis for concluding that the trial court abused its discretion in ruling that it previously erred in granting Holowiak a conditional new trial.

2. Holowiak argues that the trial court violated a number of his constitutional rights in determining that he was not entitled to a new trial. Our decision in *Holowiak*

---

[5] We note that we previously admonished Holowiak for failing to comply with this rule. See *Holowiak II*, supra, 308 Ga. App. at 887-888.

9

*III* did not instruct the trial court to consider constitutional issues on remand, and it did not do so in its initial order granting a conditional new trial or in its order setting aside the same. As the trial court did not rule on the constitutional issues Holowiak now asserts, they cannot be considered on appeal. See *Young*, supra, 324 Ga. App. at 132 (2).

3. Given our disposition in Division 1, we need not determine whether the trial court was authorized to set aside its conditional grant of a new trial based on a determination that the Kentucky court, although it had not ruled on Holowiak's specific subpoena request, would not compel the attendance of a witness from CMI or the production of the source code. Compare *Phillips v. State*, 324 Ga. App. 728 (751 SE2d 526) (2013) (concluding that trial court did not abuse discretion in requiring defendant in DUI case to proceed to trial after Kentucky Circuit Court issued an order declining to compel attendance of a witness from CMI in his Georgia criminal proceeding).

*Judgment affirmed. Miller and Branch, JJ., concur.*